IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LARRY BUIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV762 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Larry Buie ("Plaintiff") brought this action pursuant to Section 205(g) of the Social Security Act (the "Act"), as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

I.  PROCEDURAL HISTORY

Plaintiff protectively filed his application for DIB on November 22, 2011, alleging a disability onset date of January 29, 2009. (Tr. at 15, 126-27.)[1] His claim was denied initially (Tr. at 60, 62-66), and that determination was upheld on reconsideration (Tr. at 61, 71-74). Thereafter, Plaintiff requested an administrative hearing de novo before an Administrative Law Judge ("ALJ"). (Tr. at 75-76.) Plaintiff attended the subsequent hearing on January 17,

---

[1] Transcript citations refer to the Sealed Administrative Record [Doc. #5].

2014, along with his attorney and an impartial vocational expert. (Tr. at 15.) At that time, Plaintiff, through his attorney, amended his alleged onset date to February 1, 2012. (Tr. at 17.)

In his subsequent decision, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. (Tr. at 22-23.) On July 28, 2015, the Appeals Council denied Plaintiff's request for review of the decision, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review. (Tr. at 1-5.)

II. LEGAL STANDARD

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, "the scope of [the] review of [such an administrative] decision . . . is extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ [underlying the denial of benefits] if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal brackets omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

2

Case 1:15-cv-00762-NCT-JEP   Document 12   Filed 09/28/16   Page 2 of 10

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472 (internal brackets omitted). "The issue before [the reviewing court], therefore, is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

In undertaking this limited review, the Court notes that in administrative proceedings, "[a] claimant for disability benefits bears the burden of proving a disability." Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).[2]

"The Commissioner uses a five-step process to evaluate disability claims." Hancock, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4)). "Under this process, the

---

[2] "The Social Security Act comprises two disability benefits programs. The Social Security Disability Insurance Program . . . provides benefits to disabled persons who have contributed to the program while employed. The Supplemental Security Income Program . . . provides benefits to indigent disabled persons. The statutory definitions and the regulations . . . for determining disability governing these two programs are, in all aspects relevant here, substantively identical." Craig, 76 F.3d at 589 n.1 (internal citations omitted).

Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." Id.

A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. For example, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

On the other hand, if a claimant carries his or her burden at each of the first two steps, and establishes at step three that the impairment "equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations," then "the claimant is disabled." Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment, the ALJ must assess the claimant's residual function[al] capacity ('RFC')." Id. at 179.[3] Step four then requires the ALJ to assess whether, based on that RFC, the claimant can "perform past relevant work"; if so, the claimant does not qualify as disabled. Id. at 179-80.

---

[3] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that pursuant to the administrative regulations, the "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (*e.g.*, pain)." Hines, 453 F.3d at 562-63.

4

However, if the claimant establishes an inability to return to prior work, the analysis proceeds to the fifth step, which "requires the Commissioner to prove that a significant number of jobs exist which the claimant could perform, despite [the claimant's] impairments." Hines, 453 F.3d at 563. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Government cannot carry its "evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.

III. DISCUSSION

In the present case, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" since his alleged onset date. Plaintiff therefore met his burden at step one of the sequential evaluation process. At step two, the ALJ further determined that Plaintiff suffered from three severe impairments: carpal tunnel syndrome, de Quervain's release of the right wrist, and obesity. (Tr. at 17.) The ALJ found at step three that none of these impairments met or equaled a disability listing. (Tr. at 18.) Therefore, the ALJ assessed Plaintiff's RFC and determined that he could perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c). (Tr. at 19.) Based on this determination, the ALJ found under step four of the analysis that Plaintiff could return to his past relevant work as a roller grinder. (Tr. at 21-22.) The ALJ alternatively found at step five that Plaintiff could perform other medium exertion unskilled occupations identified by the Vocational Expert. Therefore, the ALJ concluded that Plaintiff was not disabled under the Act. (Tr. at 22-23.)

5

Plaintiff now challenges the ALJ's RFC assessment. Specifically, Plaintiff contends that the ALJ failed to properly weigh the medical opinions provided by Dr. Gregg Cregan, Plaintiff's orthopaedic surgeon, and Dr. Peter Morris, a consultative physician. Both physicians opined that Plaintiff could lift no more than 20 pounds. (Tr. at 261, 300, 384.) However, the ALJ, without explanation and without even mentioning Dr. Cregan's opinion, instead adopted the opinion of State agency medical consultant Dr. Margaret Parish, who opined that Plaintiff was capable of medium work. As further discussed below, the Court agrees with Plaintiff that, because the ALJ failed to adequately explain the relative weight given to the opinion evidence, remand is required.

In February 2012, Dr. Morris examined Plaintiff at the request of Disability Determination Services. (Tr. at 379-85.) As summarized by the ALJ, Dr. Morris concluded that Plaintiff "could be expected to stand and walk for [a] total of 4 hours in an 8 hour work day; that he could lift a maximum of 20 pounds occasionally [and] 10 pounds frequently; and that he could sit for 6 hours per work day." (Tr. at 20, 384-85.) In evaluating these conclusions, the ALJ found as follows:

> The undersigned generally agrees with the opinions of consultative physician Dr. Morris (Exhibit 8F). He had the opportunity to examine the claimant, review his medical records, and submit a detailed summary of clinical observations and opinions made during the assessment. Also, his opinions are consistent with the record as a whole. However, the undersigned disagrees with his finding that the claimant is limited to 4 hours of standing and/or walking in a work day. Aside from one documented incidence of increased left knee pain, the objective record shows no evidence of ongoing lower extremity pain or limitations in standing or walking. The record contains no other medical source statement that is consistent with this limitation.

(Tr. at 21.) In short, except for the 4-hour standing and walking limitation, the ALJ explicitly agreed with Dr. Morris's opinion and clearly set out his reasons for doing so. However, in

6

formulating the RFC, the ALJ omitted not only the standing and walking restrictions posited by Dr. Morris, but also the lifting restrictions of "20 pounds occasionally [and] 10 pounds frequently," which corresponds to light work. The ALJ instead adopted an RFC of medium work, which reflects lifting restrictions of 50 pounds occasionally and 25 pounds frequently. 20 C.F.C. § 404.1567. The ALJ's decision does not reconcile these findings and does not address Dr. Morris' lifting restrictions at all. Thus, after noting his agreement with Dr. Morris' opinion, the ALJ failed to include Dr. Morris' lifting restrictions in the RFC, and failed to include any explanation for this determination.[4]

The ALJ's failure to include Dr. Morris's findings in the RFC or, alternatively, to explain why he declined to adopt them, is further complicated by the ALJ's omission of Dr. Cregan's opinion, which contains identical lifting limitations. Dr. Cregan was the surgeon who performed the de Quervain's release surgery included among Plaintiff's severe impairments at step two. (Tr. at 17, 262.) Five months after Plaintiff's surgery, following regular follow-up examinations, extensive occupational therapy, and after reviewing an independent functional capacity evaluation (FCE), Dr. Cregan, like Dr. Morris, recommended a permanent, 20-pound lifting restriction. (Tr. at 261, 300; see generally Tr. at 261-330, 340-73.) However, the ALJ's decision does not weigh or even mention this opinion evidence.

The Commissioner now argues that the ALJ was not required to mention or weigh Dr. Cregan's opinion, as it was issued on August 25, 2009, well before Plaintiff's amended onset date of February 1, 2012. (Def.'s Br. [Doc. #10] at 11); but see Hawley v. Colvin, No. 5:12-

---

[4] The Court notes that Dr. Morris also included manipulative limitations that were not included in the RFC or otherwise addressed. However, the Court need not address that issue separately in light of the issues set out above.

7

CV-645-BO, 2013 WL 6048724, at *2 (E.D.N.C. Nov. 14, 2013) (holding that the ALJ improperly rejected the lifting restriction issued by plaintiff's treating physician on the basis that it was issued prior to his alleged onset date where (1) plaintiff continued to suffer from the impairment requiring such a restriction, and (2) the ALJ pointed to no evidence in the record indicating that the lifting restriction was no longer applicable). The Commissioner also suggests that the relevancy of this evidence is diminished because the opinion was issued as part of a disability statement relating to Plaintiff's workers compensation claim. (Id. at 10-11); but see Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343–44 (4th Cir. 2012) ("[U]nder the principles governing SSA disability determinations, another agency's disability determination 'cannot be ignored and must be considered.'" (citing SSR 06–03p, 2006 WL 2329939, at *6)). However, the ALJ failed to raise either of these explanations in the context of rejecting Dr. Cregan's opinion. Instead, as noted above, the ALJ failed to even mention the existence of Dr. Cregan's opinion, let alone supply one or more bases for discounting it. The Commissioner's after-the-fact rationale cannot provide sufficient explanation for meaningful review by the courts. See Sec. & Exch. Comm'n v. Chenery Corp., 318 U.S. 80, 87 (1943) (courts must review administrative decisions on the grounds upon which the record discloses the action was based).

Moreover, the omission of Dr. Cregan's opinion proves problematic in the instant case for two additional reasons: (1) it provides the only treating physician opinion of record, and (2) more recent evidence, specifically the opinion of Dr. Morris, bears out the ongoing nature of Plaintiff's limitations. In light of these numerous, unresolved issues, the Court cannot conclude that the ALJ addressed the opinion evidence in a manner which allows meaningful

8

review. See Day v. Astrue, No. CIV 3:10CV0014, 2010 WL 2735702, at *5 (E.D. Va. June 16, 2010), report and recommendation adopted, No. 3:10CV14, 2010 WL 2756713 (E.D. Va. July 12, 2010) (citing 20 C.F.R. §§ 416.927(f)(2)(ii); 416.927(d)(2)) ("When an ALJ evaluates an opinion of any medical source—whether treating or nontreating—he is required to "explain in the decision the weight given" thereto and "give good reasons in [his] . . . decision for the weight."); see also Thomas v. Comm'r of Soc. Sec., No. Civ. WDQ-10-3070, 2012 WL 670522, at *7 (D. Md. Feb. 27, 2012) (unpublished) (citing Blakely v. Comm'r of Soc. Sec., 581 F.3d 399, 409 (6th Cir. 2009); Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 362 (3d Cir. 2011)) (In making a determination regarding the weight to give to a medical source, the ALJ must "provide sufficient explanation for 'meaningful review' by the courts.").

Finally, Defendant contends that the findings of the State agency medical consultants constitutes substantial evidence to support the ALJ's conclusion that Plaintiff was capable of medium work. (Def.'s Br. at 12.) "This argument misunderstands the role of the state agency consultants. The ALJ is required to balance conflicting evidence and make a determination of disability, not the consultants." Garner v. Colvin, 1:12CV1280-WO-JLW, 2015 WL 710781, at *8 (M.D.N.C. Feb. 18, 2015) (adopted March 16, 2015). In other words, where, as here, an ALJ fails to properly weigh other relevant opinion evidence, particularly evidence provided by examining and treating physicians, he cannot remedy this omission simply by adopting the opinion of the State agency physicians. To allow such a rule would entirely circumvent the Act's directives regarding not only the general role of the ALJ in the decision-making process, but also its specific requirements regarding the weighing of opinion evidence. See 20 C.F.R. § 404.1527; see also SSR 96-6p.

9

The Court of Appeals for the Fourth Circuit has instructed that "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why. . . . If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)). Post-hoc rationalizations cannot cure the ALJ's failure to explain his findings and conclusions. In this case, in light of the ALJ's failure to weigh and consider the medical opinion evidence, the Court cannot engage in substantial evidence review, and the case must be remanded so that the ALJ can consider and weigh the opinion evidence in the first instance.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision finding no disability be REVERSED, and that the matter be REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for further consideration of Plaintiff's claims in light of the above recommendation. Defendant's First Motion for Summary Judgment [Doc. #9] should be DENIED, and Plaintiff's Motion for Judgment Reversing the Commissioner [Doc. #7] should be GRANTED to the extent set out herein.

This, the 28th day of September, 2016.

                                              /s/ Joi Elizabeth Peake
                                            United States Magistrate Judge